BENTON, J.,
concurring, in part, and dissenting, in part.
I dissent from the portion of the opinion styled “Equitable Distribution,” and I concur in the balance of the opinion.
“Code § 20-107.3 ... is based on the notion that marriage is an economic partnership in which the parties, through varying contributions, monetary and non-monetary, to the acquisition, maintenance, and care of property and to the well-being of the family, may accumulate marital wealth.” Dietz v. Dietz, 17 Va.App. 203, 210, 436 S.E.2d 463, 467 (1993). Thus, Code § 20-107.3 mandates that the trial judge divide or transfer the parties’ accumulated marital wealth through an equitable distribution. See Gamble v. Gamble, 14 Va.App. *132 558, 570, 421 S.E.2d 635, 642 (1992). “[W]hat has always been contemplated by the Code § 20-107.3 scheme for equitable distribution of the marital wealth of the parties ... [is] a distribution which will equitably ‘compensate a spouse for his or her contribution to the acquisition of property obtained during the marriage.’ ” Id. at 569, 421 S.E.2d at 642 (citation omitted).
When making equitable distribution of the marital wealth, the trial judge’s findings must have some foundation based on the evidence presented. Woolley v. Woolley, 3 Va.App. 337, 345, 349 S.E.2d 422, 426 (1986). In this case, however, without any explanation, the trial judge awarded to the wife 95% of the marital share of the equity in the marital residence, the only marital assets the parties owned. The record establishes that the residence was purchased in 1990 using a substantial down payment from the husband’s separate property. At the time of the divorce proceeding, the residence was appraised at $312,000. The appraiser obtained that value after determining that a reduction of $50,000 was appropriate because of the condition of the residence. He testified “that half [of that $50,000] could be attributed to just normal wear and tear, the other half to problems with poor installation, workmanship and condition of improvements that were made after the house was built.”
The trial judge determined that the marital share of the equity in the residence was $41,722.86. He did not make a finding that the husband made negative contributions to the marital estate. Moreover, the record contains no evidence that the husband, any more than the wife, was the cause of deterioration in value due to normal wear and tear to the residence. Certainly, no rational reason exists to penalize only the husband because the house needed a new roof or other improvements resulting from years of family use.
Likewise, the evidence proved the husband and wife caused the renovations to be made to the residence for the purpose of securing tenants who paid rent to the family. Those rents generated marital assets in the form of income available to the *133 parties during the marriage. To the extent that the renovation workmanship was substandard, no evidence suggests that only the husband should be penalized. The wife testified that “we” caused the renovations to occur. Indeed, she further testified that her uncle assisted the husband in making some of the renovations. Simply put, this record fails to support a conclusion that the $50,000 diminution in value that the appraiser attributed to wear and tear and substandard renovations can be considered as a negative monetary contribution attributable to the husband.
For these reasons, I would reverse the equitable distribution order and remand it to the trial judge for reconsideration. I concur in the majority decision reversing imputation of income and child support provisions.